JS-6

CC: BK COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>REGINALD ESCOBAR SILVA & CARLITA MARIE SILVA,<br><br>Debtors. | Case No. CV 15-02061-AB<br><br>Bankr. Case No. 9:10-bk-14135-PC<br><br>Adversary Case No. 9:15-ap-01014-PC |
| CARLITA MARIE SILVA.<br><br>Appellant,<br><br>v.<br><br>MBB PROPERTIES, LLC<br><br>Appellee. | **OPINION** |

Appeal from the United States Bankruptcy Court

for the Central District of California.

Hon. Peter H. Carroll, Bankruptcy Judge, Presiding.

**Affirmed**.

1.

In this bankruptcy appeal, Debtor-Appellant Carlita Marie Silva ("Appellant") contends the Bankruptcy Court erred in granting Appellee MBB Properties, LLC ("MBB") motion for relief from the automatic bankruptcy stay to take possession of the property located at 1100 North 3rd St., Lompoc, CA 93436 (the "Property"). In the underlying proceedings, the bankruptcy court concluded Appellant and her estate lost any remaining legal title to the property when nonparties Michael Bollag and the Bollag Family Trust (the "Bollag Entities") recorded a Trustee's Deed with the Santa Barbara County Recorder's Office on October 16, 2014 because such transfer was exempt from the automatic bankruptcy stay set forth in 11 U.S.C. section 362. This Court has jurisdiction to hear the appeal under 28 U.S.C. section 158(a), and **AFFIRMS** the bankruptcy court's order.

Neither Appellant nor Appellee requested oral argument, and the Court construes the matter as submitted on the briefing. Fed. R. Bankr. P. 8019(a), (g). Moreover, the Court finds the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument. Fed. R. Bankr. P. 8019(b)(3).

**I.  Background**

The Court has twice summarized the relevant record before it on this appeal: first in its order denying Appellant's motion for a stay of the bankruptcy Court's order pending the outcome of this appeal (Dkt. No. 24); and again in its order denying Appellant's *ex parte* application for reconsideration of the Court's order denying a stay. (Dkt. No. 30.) The Court does not repeat the record at length here and incorporates by reference its comprehensive summary of the record in those prior two orders, both of which the Court entered after the appeal was fully briefed and the record closed. (Dkt. No. 24, pp. 2-5; Dkt. No. 30, pp. 2-3.) Instead, the Court briefly

summarizes the relevant proceedings in this court.

In its prior orders, this Court concluded Appellant was unlikely to succeed on the merits of her appeal because, irrespective of whether 11 U.S.C. section 362(b)(3) applied to exempt the Bollag Entities recordation from the stay (as the Bankruptcy Court concluded), the Bollag Entities were separately exempt from the automatic bankruptcy stay under 11 U.S.C. section 362(b)(24). Accordingly, the Court concluded, the Bollag entities lawfully obtained full title to the Property on October 16, 2016, and their subsequent transfer of title to the Property to MBB on October 17, 2014 did not violate the automatic stay because the bankruptcy estate no longer held any property interest (legal or equitable) in the title. Noting that, on appeal, the Court may affirm the bankruptcy court on any grounds supported by the record, even if bankruptcy court "reached its decision on erroneous grounds," *In re Yochum*, 89 F.3d 661, 670 (9th Cir. 1996), the Court concluded Appellant was unlikely to succeed on the merits of her appeal.

Even if the Bankruptcy Court erroneously applied the exception in 11 U.S.C. section 362(b)(3), the Court held, the record shows that the Bollag Entities were: (1) exempt from the automatic stay in recording the title on October 16 under section 362(b)(24); and (2) free to subsequently transfer title to MBB without running afoul of the automatic stay. (Dkt. No. 24, pp. 9-16; Dkt. No. 30, pp. 6-8.) Nor, the Court held, did the Bankruptcy Court err in determining that any "strong-arm" power Appellant may have had under 11 U.S.C. section 544 had lapsed, and the Bankruptcy Court did not err in concluding that the statute of limitations on that power was not equitably tolled. (Dkt. No. 24, pp. 10-14.) As the rightful title-holder to the Property, the Court further concluded MBB had standing to move the bankruptcy court for relief from the automatic stay to take possession of the property and the Bankruptcy Court did not err in granting the motion. (*See, e.g.*, Dkt. No. 24, pp. 15 n.10, & 16.)

3

## II. Legal Standard

District courts have jurisdiction to hear appeals from, *inter alia*, "final judgments, order, and decrees" of the bankruptcy courts. 28 U.S.C. §158(a)(1); *see also* Fed. R. Bankr. Proc. 8005. *"*When reviewing a decision of a bankruptcy court, a district court functions as an appellate court and applies the standards of review generally applied in federal courts of appeal.*"* *In re Guadarrama*, 284 B.R. 463, 468 (C.D. Cal. 2002). On appeal, "[t]he bankruptcy court's findings of fact are reviewed for clear error, while its conclusions of law are reviewed de novo." *In re Strand*, 375 F.3d 854, 857 (9th Cir.2004). "Mixed questions of law and fact are reviewed *de novo*." *In re Chang*, 163 F.3d 1138, 1140 (9th Cir. 1998).

In reviewing the bankruptcy court's findings of fact for clear error, "[t]his court must accept the bankruptcy court's findings of fact unless, upon review, the court is left with the definite and firm conviction that a mistake has been committed by the bankruptcy judge." *In re Greene*, 583 F.3d 614, 618 (9th Cir. 2009). "If two views of the evidence are possible, the [bankruptcy] judge's choice between them cannot be clearly erroneous." *In re Marshall*, 721 F.3d 1032, 1039 (9th Cir. 2013), quoting *Price v. Lehtinen (In re Lehtinen)*, 332 B.R. 404, 411 (9th Cir. BAP 2005). "'[C]learly erroneous' is a very exacting standard.… To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must be dead wrong." *Campion v. Old Republic Home Prot. Co.*, No. 09-CV-748-JMA NLS, 2011 WL 1935967, at *1 (S.D. Cal. May 20, 2011), quoting *Hopwood v. State of Texas*, 236 F.3d 256 (5th Cir. 2000) (internal quotes omitted); see also. As the Seventh Circuit Court of Appeals colorfully put it, courts "will not reverse a determination for clear error unless it strikes us as wrong with the force of a 5 week old, unrefrigerated, dead fish." *S Indus., Inc. v. Centra 2000, Inc*, 249 F.3d 625, 627 (7th Cir. 2001); *accord In re O'Connell*, 728 F.3d 41, 46 (1st Cir. 2013).

Moreover, the district court's review on appeal is not limited to review of the lower court's reasoning, but to its result. A district court may affirm the bankruptcy court on any grounds supported by the record, even if bankruptcy court "reached its decision on erroneous grounds." *In re Yochum*, 89 F.3d 661, 670 (9th Cir. 1996)

### III. Discussion

The arguments and record before the Court on this fully briefed appeal are identical to those before the Court on Appellant's motion to stay and *ex parte* application for reconsideration, as is the record. (*Compare* Dkt. Nos. 17, 22, & 23 [briefing on appeal] *with* Dkt. Nos. 10, 19, 21, 28, & 29 [briefing on motions and *ex parte*].) The Court's analysis is likewise identical, and the Court incorporates it by reference here. (Dkt. Nos. 24, 30.) As the Court already concluded, the Court again holds that the Bankruptcy Court did not err in granting MBB relief from the automatic stay to take possession of the Property, that MBB had standing to bring such a claim, and that Appellant's power to avoid the transfer of legal title under 11 U.S.C. section 544(a)(3) lapsed on August 10, 2012, as Appellant was not entitled to equitable tolling.

Irrespective of the exception set out in section 362(b)(3), the Bollag Entities' October 16, 2014 recordation and transfer of legal title was exempt from the automatic stay under section 362(b)(24), as the transfer was not avoidable under either section 544 or 549. Having acquired equitable title at the 2009 Trustee's Sal and legal title upon recording the deed in 2014, the Bollag Entities had full title in the Property and were free to transfer that title to MBB without restraint by the automatic stay. As the equitable and lawful owner of the Property, MBB had standing to seek relief from the bankruptcy stay to take possession of it by bringing unlawful detainer proceedings against Appellant, and the Bankruptcy Court did not err in granting MBB that relief

under section 362(d)(1) and (d)(2).

## IV. Conclusion

The arguments and evidence before the Court on this appeal are identical to those before the Court on Appellant's motion for a stay pending appeal (Dkt. No. 10) and her *ex parte* application for reconsideration. (Dkt. No. 28.) Faced with identical arguments and evidence, the result is the same: the Court concludes that the Bankruptcy Court did not err in granting MBB's motion for relief from the automatic stay. After full review of the record and arguments on appeal, the Court **AFFIRMS** the Bankruptcy Court's March 10, 2015 order granting MBB relief from the automatic stay to take possession of the Property.

The clerk is directed to enter the judgment on appeal, give notice, and return the physical records on appeal to the bankruptcy clerk. Fed. R. Bankr. P. 8024. Appellee is to be awarded its costs on appeal, which shall be taxable in the bankruptcy court. Fed. R. Bankr. P. 8021(a), (c).

**IT IS SO ORDERED**

Dated: June 22, 2015  
_____  
ANDRÉ BIROTTE JR.  
UNITED STATES DISTRICT JUDGE